54 F.3d 787
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Clarence J. ANDERSON, Plaintiff-Appellant,
v.
MILE HIGH CHILD CARE, Civil Rights Commission of Colorado,
Equal Employment Opportunity Commission,
Defendants-Appellees.
 No. 94-1596.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Clarence J. Anderson filed this pro se civil suit for damages asserting claims under 42 U.S.C. Sec. 1983 and the First, Fifth, and Fourteenth Amendments against Mile High Child Care, the Colorado Civil Rights Commission, and the United States Equal Employment Opportunity Commission (collectively "the Defendants"). The district court granted the Defendants' motions to dismiss for failure to state a claim. We grant Mr. Anderson's motion to proceed in forma pauperis and we affirm.
 
 
 3
 For purposes of this appeal, the facts are as follows. Mr. Anderson had filed an employment discrimination charge against his former employer, Mile High Child Care, with both the Colorado Civil Rights Commission and the United States Equal Employment Opportunity Commission. The Colorado Civil Rights Commission investigated his claim and issued a finding of no probable cause. The United States Equal Employment Opportunity Commission adopted the Colorado Civil Rights Commission's determination pursuant to a work-sharing agreement between the two agencies.
 
 
 4
 During the investigation of Mr. Anderson's claim of discrimination, Mile High Child Care requested an extension of time to respond to the charges. The Colorado Civil Rights Commission granted the extension and then informed Mr. Anderson by telephone that it granted Mile High Child Care an extension of time. Two months later, the Colorado Civil Rights Commission sent Mr. Anderson formal written notice of the grant of the extension of time. Mr. Anderson asserts the Defendants violated his constitutional rights by notifying him only after the Colorado Civil Rights Commission granted the extension of time and by the initial verbal form of the notice.
 
 
 5
 The district court dismissed Mr. Anderson's complaint, finding he failed to state a claim against the Defendants.[1] We agree. Most of Mr. Anderson's assertions of constitutional violations cannot survive dismissal because he failed to allege facts that would avoid the block of sovereign immunity.
 
 Equal Employment Opportunity Commission
 
 6
 The district court correctly held Mr. Anderson cannot maintain a Sec. 1983 claim nor a claim of a violation of the Fourteenth Amendment against the United States Equal Employment Opportunity Commission, because both Sec. 1983 and the Fourteenth Amendment pertain to state, rather than federal, actors. See 42 U.S.C. Sec. 1983; U.S. Const. amend. XIV Sec. 1. The First and Fifth Amendment claims must also be dismissed against the United States Equal Employment Opportunity Commission because these claims may not be brought against a federal agency directly. See Federal Deposit Insurance Corp. v. Meyer, 114 S. Ct. 996, 1005-06 (1994) (sovereign immunity has not been waived for direct actions for damages against federal agencies).
 
 Colorado Civil Rights Commission
 
 7
 The Colorado Civil Rights Commission, unlike the Equal Employment Opportunity Commission, is a state actor and thus susceptible to suits under Sec. 1983 and the Fourteenth Amendment. However, Mr. Anderson has not sufficiently alleged a constitutional violation. The Colorado Civil Rights Commission is not required to furnish notice of an extension of time before the extension is made. See Rule 10.7 & 10.3 of the Colorado Code of Regulations. Mr. Anderson has failed to assert facts demonstrating a due process violation of the Fourteenth Amendment. Mr. Anderson has also failed to assert facts to support a claim that he was prohibited from petitioning the government for a redress of his grievances as required by the First Amendment. Therefore, he cannot maintain his claims against the Colorado Civil Rights Commission.
 
 Mile High Child Care
 
 8
 The district court noted that Mr. Anderson failed to assert whether Mile High Child Care was any type of state or federal actor. We concur with the district court that although Mr. Anderson is a pro se litigant it is not the duty of the courts to "conjure up facts that have not been pled." Because Mr. Anderson has not alleged facts sufficient for the court to determine Mile High Child Care's status, he cannot maintain against Mile High Child Care claims that require the defendant be a state actor.
 
 
 9
 Accordingly, we find no error in the district court's decision to dismiss, and we AFFIRM. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Mr. Anderson made a motion for leave to amend his complaint to add claims of conspiracy under 42 U.S.C. Secs. 1985 and 1986 and 5 U.S.C. Sec. 706. The district court denied this motion. Mr. Anderson does not appeal this denial